## In re WIETZEL et al.
### Patent Appeal No. 2229.

Court of Customs and Patent Appeals.
April 14, 1930.

Rehearing Denied May 19, 1930.

670

Hauff & Warland, of New York City (William E. Warland, of New York City, of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals affirming the decision of the Examiner denying appellant's claims 1 to 5, inclusive, for an alleged invention relating to a process of manufacturing formamid and hydrocyanic acid.

The claims in issue read as follows:

"1. The process of manufacturing formamid and hydrocyanic acid which consists in exposing alkyl formate vapor and ammonia to elevated temperatures in the presence of a contact mass.

"2. The process of manufacturing hydrocyanic acid which consists in exposing alkyl formate vapor and ammonia to a temperature of between about 200 degrees and 500 degrees Centigrade and in the presence of a contact mass of a dehydrating character and while contacting the gases with said mass sufficiently long to cause dehydration to hydrocyanic acid.

"3. The process of manufacturing formamid and hydrocyanic acid which consists in passing alkyl formate vapor and ammonia in a quantity exceeding the calculated one, over a contact mass at an elevated temperature.

"4. The process of manufacturing formamid and hydrocyanic acid which consists in passing alkyl formate vapor and ammonia and an inert gas over a contact mass at an elevated temperature.

"5. The process of manufacturing hydrocyanic acid which consists in passing a mixture of vaporized alkyl formate and formamid and ammonia over a contact mass of a dehydrating character, at a temperature of between about 200 degrees and 500 degrees Centigrade and at conditions causing the formation of hydrocyanic acid."

The claims were rejected on the following references: Textbook of Organic Chemistry, Holleman-Walker, 1920, pp. 100, 127, and 349; Chemical Society Journal, vol. 1, 1863, pp. 73-74; Organic Chemistry, Richter, vol. 1, pp. 227, 228, and 229; Handbook of Modern Chemistry, Tidy, p. 762.

It appears from appellants' specification and claims that, by the alleged novel process, formamid, hydrocyanic acid, or a mixture of these substances, may be produced by exposing alkyl formate and ammonia to elevated temperatures in the presence of a catalyst; and that, if a mixture is obtained, the mixed products may be separated.

In view of the fact that the Board of Appeals has reviewed the decision of the Examiner in the light of the criticisms made of it by counsel for appellants, we think it may be helpful to quote rather extensively from its decision:

"The Examiner cited the text book on Organic Chemistry by Holleman-Walker as disclosing on page 103 that nitriles can be formed by passing esters mixed with ammonia over alumina and on page 127 that amides, which will be intermediates formed by treating the esters as on page 103, can be converted into nitriles by heating (distilling) with a dehydrating agent, phosphorous pentoxide. See also Richter's Organic Chemistry, vol. 1, page 266 (3). That hydro-cyanic acid may be considered a nitrile of formic acid is disclosed on page 349, of Holleman-Walker.

"From these statements the Examiner deduces that, as alkyl formate is a formic ester and hydrocyanic acid is the nitrile of formic acid, the heating of alkyl formate vapor with ammonia over alumina would produce formamid as an intermediate product and that the formamide will be converted into hydrocyanic acid by treating with a dehydrating agent such as phosphorous pentoxid.

"The brief states that the only ester disclosed by the text book is an acetic acid ester and esters of higher members of the aliphatic series and that it could not be foreseen that the reaction could be carried out with esters of formic acid. While formic acid is the first

member of the group of fatty acids of which acetic acid is a higher member, it is contended that formic acid and its derivatives in most cases fail to conform to the characteristics of the series. It is to be noted that in the text book cited, the reaction is not limited to an ester of acetic acid or any other of the group of fatty acids, but is stated broadly with reference to acid amides, and at the bottom of page 127, acid amides are again mentioned and *formamide* is referred to as the only one which is liquid. It seems clear that the disclosure was not intended to be limited to acetamid nor to exclude formamide. In Richter's Organic Chemistry, Vol. 1, page 227, it is stated that formamide may be formed by heating formic ester with alcoholic ammonia to 100° and also that heated rapidly with $P^2O^5$ it liberates H.C.N. (Hydrocyanic Acid). The Examiner further cites the Journal of the Chemical Society, Vol. 1, 1863, pages 73, 74, as disclosing the making of formamide by heating ethyl formate with dry ammonia at 195° C. In view of these disclosures we are of the opinion that there is every reason to believe that the statement in Holleman-Walker text book applies to esters of formic acid as well as to other members of the fatty acid group.

"The brief then attacks the statement that hydrocyanic acid may be considered as the nitrile of formic acid, and cites a text book by Meyer-Jacobson as expressing a doubt whether hydrocyanic acid is to be represented by the nitrile formula H–C≡N or by the isonitrile formula H–N=C < or H–N=C.

"In addition to the statement on page 349 of Holleman-Walker we find the same statement in Richter's Organic Chemistry on pages 228, 229, and in Handbook of Modern Chemistry by Dr. Meymott Tidy, page 762, and, in view thereof, we consider these disclosures sufficient to raise a presumption at least that the reactions disclosed would apply to formamid and to hydrocyanic acid as the nitrile of formic acid, and, where there is no real reason to suppose that the result would not be produced there is no invention in trying it and finding out that the process is successful."

It is contended that the references cited by the tribunals of the Patent Office "do not constitute anticipations," that it is evident from the decisions below that the Examiner and the Board of Appeals were in doubt as to whether the process disclosed in appellants' application involved invention, and that the claims in issue were rejected on the presumption only that they were anticipated by the references. It is further contended that the decisions below rest upon two assumptions; namely, first, that hydrocyanic acid is a nitrile of formic acid; and, second, that formic acid had all the attributes and characteristics of other members of the "fatty acid" group, and that, as the other members of the group could be used in the formation of acid amides and nitriles, invention was not involved in discovering that "in the case of formic acid an analagous reaction, viz.: the process of producing formamid or hydrocyanic acid or both by exposing alkyl formate alone and ammonia to elevated temperatures, can be carried out," and that neither of these assumptions is sufficiently well founded to warrant the rejection of appellants' process claims.

Several authorities on the subject agree that hydrocyanic acid is the nitrile of formic acid, whereas some contend that it is an isonitrile. In view of the fact that the authorities are not in entire harmony, it is argued that the Board of Appeals erred in adopting the views of one group and ignoring the views of the other.

Counsel for appellants, however, do not rest their case upon this proposition.

Granting, as counsel do, for the purpose of discussion, that hydrocyanic acid is the nitrile of formic acid, it is contended, nevertheless, that the claimed process is novel. We quote from the brief of counsel for appellants:

"* * * * First it splits off alcohol from the starting material and produces formamid and then water is split off from the formamid and hydrocyanic acid produced. This fact alone in appellants' opinion marks a distinct advance in the art. The references do not show this. There is nothing in the references to indicate that one catalytic substance would fulfill both of these requirements."

Many other arguments are advanced in the brief of counsel for appellants in denying the soundness of the decision below.

In cases involving intricate and highly technical questions, such as those presented in the case at bar, and especially in the absence of evidence of those expert in the art, concurring decisions of the Patent Office tribunals will not be disturbed, unless it appears that they are manifestly wrong. In re Beswick's Appeal, 16 App. D. C. 345.

We have given the issues careful study in an effort to determine whether, as counsel for appellants contend, the decision of the Board of Appeals is clearly erroneous. We are unable to hold that such is the case.

The Examiner and the Board of Appeals have discussed the issues and the references in detail. In view of the fact that we concur in the conclusion of the board, we deem it unnecessary to contribute to the discussion of the technical features of the case.

We are unable to agree with the contention that the decision of the Board of Appeals, in rejecting appellants' claims, was predicated on either presumptions or assumptions. It is true that, in referring to the authorities cited as references, the board said: "We consider these disclosures sufficient to raise a presumption at least that the reactions disclosed would apply to formamid and to hydrocyanic acid as the nitrile of formic acid." However, the meaning and purpose of this observation is made clear by the language immediately following: "And, where there is no real reason to suppose that the result would not be produced there is no invention in trying it and finding out that the process is successful."

The decision is affirmed.

Affirmed.