**Application of Alfred W. KROGMAN.**

**Patent Appeal No. 6126.**

United States Court of Customs
and Patent Appeals.

July 1, 1955.

Keith Misegades, Washington, D. C.,
for appellant.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for Commissioner of Patents.

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, COLE and JACKSON, retired, Judges.

COLE, Judge.

Appellant here seeks a ruling directing allowance of patent claims principally predicated on his allegedly inventive discovery that the fibers of an obscure Mexican plant—the ixtle de lechuguilla plant—when admixed with cotton waste in certain specified portion, makes a superior filter for automobile oil and air conditioning fluids. Claims 20 to 24 inclusive of appellant's application for a patent variously define a filter cartridge employing alternate layers of springy wire fabric and an intimately mingled mixture of cotton waste and ixtle fibers. These claims, which are before us for consideration on appeal, were rejected by the Primary Examiner and Board of Appeals of the United States Patent Office as lacking invention over a com-

bination of prior art reference disclosures.

Sufficient description of appellant's filter cartridge is contained in appealed claims 20, 23, and 24 which read as follows:

"20. A filter cartridge comprising a body of fibrous filtering material including from five (5) percent to ninety (90) percent of ixtle fiber of the lechuguilla type, and a porous casing enclosing said filtering material."

"23. A filter cartridge having as its principal filtering agent, a mixture of cotton waste and from 5 to 90 percent of ixtle fibers, said waste and ixtle fibers of the lechuguilla type being intimately intermingled.

"24. A filter cartridge comprising a body of alternate layers of springy wire fabric and an intimately mingled mixture of cotton waste and ixtle fibers of the lechuguilla type, said mixture containing from 5 to 90 percent of ixtle fibers."

It is important to note at the outset that ixtle fibers come from the central stalk of a plant botanically classified in the *Agave* family. The fibers are hard, relatively curly and kinky, but have poor tensile strength. Appellant states in his specification that he has found ixtle fibers to be largely nonabsorbent with little or no tendency to soften when wet but, on the contrary, "the ixtle retains its hardness and inherent resiliency and the fibers attract water in a liquid or gaseous mixture being filtered and conduct it through the cotton wastes so as to expedite the filtering operation and the separation or draining of water from the liquid or gaseous mixture being filtered."

The appealed claims were rejected as unpatentable over the following references: McGerry, 931,014, Aug. 10, 1909; Baldwin, 2,071,996, Feb. 23, 1937; Burhans, 2,375,345, May 8, 1945; Harvuot, 2,388,636, Nov. 6, 1945; Hamilton (British), 15,012, Dec. 7, 1885;

Dewey: "Principal Commercial Plant Fibers," reprint from Yearbook of Dept. of Agriculture for 1903, page 388; Mathew: "Textile Fibers," fifth edition, pp. 375, 380.

Each reference was clearly and sufficiently described by the examiner as follows:

"*Harvuot* 2,388,636

"This patent discloses * * * a cartridge holding a mass of material comprising 15% cotton fiber and 25% Mexican sisal fiber thoroughly mixed. The function of Harvuot's element 19 [a dehydrator unit], closely parallels the function of applicant's filter * * * and it is not agreed [as appellant argued before the examiner] that Harvuot's element 19 does not function as a filter.

"*McGerry* 931,014

" * * * the patent discloses sisal fibers enclosed between layers of a porous wire fabric for use as a filter.

"*Hamilton, British, 15,012 of 1885*

"This British patent discloses, * * * the equivalency of istle (ixtle) and sisal for use in upholstery where resiliency * * * of the fiber is an important property.

"*Mathew and Dewey.*

"The publications disclose the equivalency of ixtle and sisal fibers in that they are physically similar and are classified together on this basis under a 'hard fiber' group, and are also classified together botanically in that the plants are species of the genus *Agave*.

"*Baldwin 2,071,996 and Burhans 2,375,345.*

"Each teaches the alternate spiral winding of filtering material and wire fabric (which is inherently 'springy' to some extent)."

It is apparent from the foregoing that McGerry and Harvuot are primary ref-

erences cited to show use of sisal fiber as a filtering agent. Hamilton, Mathew, and Dewey, secondary references, were cited to show equivalency between ixtle and sisal fibers. Baldwin and Burhans, further secondary references, were cited in connection with the limitation appearing in two of the appealed claims directed to alternate layers of springy wire fabric included in the filter cartridge. In applying the teachings thus found in the prior art to the claims presented by the appellant, the Board of Appeals, in reviewing the examiner's findings, made these observations and conclusions:

"Claims 20, 21 and 23 have been rejected as being unpatentable over either Harvuot or McGerry, taken in view of Mathew, Dewey or Hamilton. It is the Examiner's position that since Mathew, Dewey and Hamilton are considered to establish the equivalency of ixtle and the sisal fibers, no invention would reside in substituting ixtle fibers for the sisal fibers disclosed in the filter in either Harvuot or McGerry.

"It is the appellant's contention that no single reference is available to the Examiner for application to the claims and the rejection based on either McGerry or Harvuot taken in view of Mathew, Dewey or Hamilton goes beyond the legitimate combining of references. Appellant further contends that apart from the possible botanical kinship, there is no similarity between ixtle and sisal fibers and while sisal is used extensively for rope and coarse twine, ixtle is unsuitable for such use since it has a much lower tensile strength than sisal. Further, appellant stated that he has disclosed that ixtle is not softened by water to the same extent that sisal is softened and there is no suggestion that ixtle would be better than sisal for a filter. While the British patent mentions both sisal and ixtle fibers for upholstery uses, it is appellant's contention that this is deemed to be a non-analogous use and their common use for this purpose would not suggest that one might be used in the place of the other for a filter.

"We have carefully considered appellant's contentions. We find no error in the conclusion reached by the Examiner that claim 20 is unpatentable over Harvuot or McGerry taken in view of Mathew, Dewey or Hamilton. Harvuot discloses a filter cartridge including at least 25% of Mexican sisal. McGerry discloses a filter made up of vegetable fiber such as hemp, flax or sisal. Mathew discloses that sisal and ixtle belong to the same Agave family. Dewey discloses that both sisal and ixtle have stiff woody fibers. The British patent to Hamilton discloses the use of both ixtle and sisal fibers for upholstery purposes. It is our view that since the secondary references show that both ixtle and sisal belong to the same Agave family and both have stiff woody fibers, no invention would reside in substituting ixtle fibers for sisal fibers in the filter in either Harvuot or McGerry. Moreover, since ixtle and sisal belong to the Agave family and since sisal is used as a filtering material, it is our opinion that it would suggest the possible use of ixtle for a filtering material. * * *

"Claims 21 and 23 differ from claim 20 by setting forth that cotton waste comprises part of the mixture for the filter. We agree with the Examiner that since Burhans discloses the use of cotton waste as a filtering material * *, it would not involve invention to use cotton waste as part of the mixture for the filtering material in either Harvuot or McGerry.

"Claims 22 and 24 have been rejected as being unpatentable over Harvuot or McGerry taken in view of Mathew, Hamilton or Dewey and further in view of Burhans or Baldwin. Claim 22 differs from claim 20 in setting forth that the fibrous filtering material is in alternate layers with springy wire fabric. Both Baldwin and Burhans * * * disclose the fibrous filtering material in alternate layers with a wire fabric. We find no error in the conclusion reached by the Examiner that to substitute ixtle for

sisal for the filtering material in either Harvuot or McGerry in view of Dewey, Hamilton. and Mathew and to have the filtering material in alternate layers with a wire fabric in view of Baldwin or Burhans would not amount to invention. Claim 24 is similar to claim 23 and further sets forth that the ixtle is mixed with cotton waste. We agree with the Examiner that this limitation does not render the claim patentable over the references since Harvuot discloses sisal and cotton fibers in an intimately mingled mixture for a filtering material."

The foregoing from the board's opinion reflects our views and requires but little supplementation. First, the issue is a narrow one, i. e., does the prior art reasonably teach what the appellant claims. Accepting appellant's own version of his alleged invention, the decision of the Board of Appeals should be sustained unless the use of ixtle fibers with cotton waste as a filter for automobile oil and air conditioning fluids is an inventive discovery as distinguished from something which can be recognized as quite plausible and simple to one familiar with the technique presented by the art in question.

Concretely, appellant states his reasons for appeal as follows:

"(1) The Board refused to recognize the marked superiority of ixtle fibers over sisal fibers in filtration.

"(2) The Board employed reference drawn from non-analogous art in rejecting the claims.

"(3) The Board improperly combined references in rejecting the claims.

"(4) The Board failed to recognize that there is no sound reason for including ixtle and sisal in the same botanical family."

The record before us fairly shows that as a filtering agent in heavy-duty truck engines ixtle fibers give three times the amount of service as a sisal-containing filter. In other words, as stated by the appellant in his brief, the ixtle-containing filter by actual unbiased and uncontrolled testing "went about its business of delivering purified oil to the truck engine to which it was attached for three times the miles furnished by its sisal-containing rival." The board considered this evidence of improvement, acknowledging that ixtle was a superior filter material, but thought that the use of ixtle for this purpose was readily suggested by the prior art's use of sisal as a medium for filtration. The fact that on trial ixtle proved to be better than sisal was not, in the board's opinion, controlling on the question of patentability since the physical similarities between the two fibers were such as to lead one skilled in the art to believe that ixtle was equally as good as sisal for filtration, and appellant's use of ixtle was not contrary to the teachings of the prior art. In this light, the board thought our holding in the case of In re Wietzel, 39 F.2d 669, 671, 17 C.C.P.A., Patents, 1079, was of general application. We there said, " 'where there is no real reason to suppose that the result would not be produced there is no invention in trying it and finding out that the process is successful.' "

Appellant argues that sisal fibers differ from ixtle fibers in many important respects; that sisal fibers are straight, come from the leaf of the plant, have great tensile strength, soften when wet into a mass relatively impervious to the passage of liquid; that ixtle fibers, on the other hand, are relatively curly and are derived from the central stalk of a different plant, have poor tensile strength, but do not soften significantly when wet, but retain their hardness and resiliency.

Whatever shortcomings sisal may have as a filtering agent, it is nevertheless clear that its use for that purpose is taught by the prior art. Ixtle and sisal are members of the same botanical genus. Both have stiff woody fibers, and the inherent resiliency of ixtle is a known

property. The substitution of one material for another does not involve invention, regardless of any improvement growing out of the substitution, if the prior art reasonably taught or suggested the expediency thereof to the worker ordinarily skilled in such art.

We have given careful consideration to appellant's argument that certain of the references are drawn from non-analogous art, and further that these references were improperly combined with others in making out the rejection. Whether a reference is pertinent, or a combination of references is proper, depends solely upon what is reasonably and realistically taught thereby in relation to that which is claimed. We think, as hereinbefore noted, that the board's application of the prior art references conforms in reason to the knowledge possessed by the worker of ordinary skill in the art.

Counsel for the appellant, in his extremely able brief, argued at some length that there was no sound basis for classification of ixtle and sisal together in the *Agave* family. While his conclusion in this respect may well be correct, it is nevertheless a fact that the fibers are so classified according to Mathew and, in addition, Dewey classifies sisal and ixtle in the same category of commercial plant fibers.

Somewhat at the expense of repetition, the correctness of the board's decision is further demonstrated by the following supporting arguments found in the brief for the Solicitor of the Patent Office:

"  *  *  * it is respectfully submitted that it was rightly held by the tribunals below to be a matter within the skill of the worker in the art to use istle or ixtle in place of sisal in the prior art filters. Appellant *  *  * uses the ixtle to impart resiliency to the cotton fiber. Harvuot taught the desirability of using sisal or horse hair to impart resiliency to cotton fiber mass. That horse hair and istle or ixtle have comparable properties as to resiliency is clearly taught by Hamilton. That Hamilton is in the upholstery art does not negative the teaching of the quality of resiliency inherent in istle or ixtle.

"Merely making use of the known properties of a material is not inventive. In the case of Fowler v. Honorbilt Products, Inc. [3 Cir.], 131 F.2d 153, 55 U.S.P.Q. 217, it was held that the use of sisal in the manufacture of upholstery pads in the same way as cotton and other fibrous material had previously been used involved no invention where the better results asserted for the use of sisal were not the result of any new contrivance or process but were due alone to the fact, long widely known and understood, that the peculiar properties of sisal made it superior for padding purposes in upholstery.

"Appellant alleges  *  *  * that the relationship of ixtle and sisal as members of the *Agave* family is of doubtful probative value because of the weakness of botanical analogies. However, Dewey classifies both sisal and istle among 'Principal Commercial Plant Fibers.' Although appellant points out  *  *  * that ixtle and sisal fibers are obtained from different portions of the corresponding plants, nevertheless, as the Board of Appeals pointed out, it is known that both ixtle and sisal not only belong to the same Agave family, but 'both have stiff woody fibers.'

"That the subject matter claimed is not found in one reference taken alone is immaterial. The claimed subject matter is still not patentable if as a whole it would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which the subject matter pertains." 35 U.S.C. § 103.

■   Being of the opinion that none of the appealed claims contain patentable

subject matter, the decision of the Board of Appeals is affirmed.

Affirmed.

JACKSON, Judge, retired, recalled to participate herein in place of GARRETT, Chief Judge.